ORIGINAL
D&F
CIM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KEVIN GRATT, individually and on
behalf of all others similarly situated,

    Plaintiff,

-against-

ETOURANDTRAVEL, INC., formerly
known as Cape Canaveral Tour and
Travel, Inc.; KOSMAS GROUP
INTERNATIONAL, INC; NICHOLAS
KOSMAS; ROBERT P. KOSMAS;
STEVEN P. KOSMAS; KING'S CREEK
PLANTATION, LLC; MARIO KOKOLIS;
MICHAEL KOKOLIS; LARRY R.
McCARDLE; and DAVID SADLER,

    Defendants.
-----------------------------------------------------------x

-----------------------------------------------------------x
ARI WEITZNER, M.D., P.C., individually
and on behalf of all others similarly
situated,

    Plaintiff,

-against-

DIRECT CAPITAL CORPORATION,

    Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

ACTION I
Case No. 06-CV-1965 (FB) (JO)

ACTION II
Case No. 06-CV-1631 (FB) (KAM)

*Appearances:*
*For the Plaintiffs:*
TODD C. BANK, ESQ.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415

*For Defendants Etourandtravel, Inc., Kosmos
Group International, Inc., Nicholas Kosmas,
Robert P. Kosmas and Steven P. Kosmas:*
RICHARD J. CAPRIOLA, ESQ.
Weinstock & Scavo, P.C.
3405 Piedmont Road NE, Suite 300
Atlanta, Georgia 30305

IRA M. SAXE, ESQ.
King, Pagano and Harrison
153 East 53rd Street, 31st Floor
New York, New York 10022

*For Defendant Kings Creek Plantation, LLC:*
EUGENE TERRANCE BOULE, ESQ.
Wilson, Elser, Moskowitz, Edleman &
Dicker, LLP
150 East 42nd Street
New York, New York 10017-5639

*For Defendant Direct Capital Corporation:*
ROBERT R. LUCIC, ESQ.
Sheehan Phinney Bass & Green, P.A.
Post Office Box 3701
Manchester, New Hampshire 03105

**BLOCK, Senior District Judge:**

Plaintiffs in these two actions allege that defendants faxed unsolicited advertisements to their places of business in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which, with certain exceptions not relevant here, makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." *Id.* § 227(b)(1)(C). They sue on their own behalf and also seek to represent a class of all those to whom defendants faxed similar advertisements.[1] For the following reasons, the Court dismisses both actions for lack of subject-matter jurisdiction.

---

[1] Action II was originally assigned to Chief Judge Dearie, but was reassigned to me by order dated September 7, 2007.

**I.**

The TCPA does not create federal-question jurisdiction under 28 U.S.C. § 1331. *See Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 156 F.3d 432, 436 (2d Cir. 1998) ("In our view, the text of the TCPA indicates that Congress intended to assign private rights of action exclusively to courts other than the federal district courts."). And while TCPA claims can be brought in federal court if they satisfy the requirements of diversity jurisdiction under § 1332, *see Gottlieb v. Carnival Corp.*, 436 F.3d 335 (2d Cir. 2001) ("Having considered the statute's text, structure, history, and purpose, we conclude that Congress did not intend to divest the federal courts of diversity jurisdiction over private causes of action under the TCPA."), plaintiffs' individual claims do not satisfy the $75,000 amount-in-controversy threshold of the general diversity statute, 28 U.S.C. § 1332(a); therefore, they premise jurisdiction solely on the Class Action Fairness Act, 28 U.S.C. § 1332(d), which, as pertinent here, grants district courts original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

Section 901(b) of the New York Civil Practice Law and Rules precludes maintaining a TCPA class action in New York courts. *See, e.g., Rudgayzer & Gratt v. Cape Canaveral Tour & Travel, Inc.*, 799 N.Y.S.2d 795, (2d Dep't 2005). Thus, the Court *sua sponte* ordered the parties in Action I to brief the issue of whether § 901(b) also precluded maintenance of a TCPA class action in federal court; the identical issue was raised by motion to dismiss in Action II.

3

## II.

Plaintiffs argue (1) that the *Erie* doctrine, under which "federal courts sitting in diversity apply state substantive law and federal procedural law," *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)), does not apply to TCPA claims, and (2) that even if *Erie* applies, § 901(b) should be deemed a procedural rule trumped by Federal Rule of Civil Procedure 23. Plaintiffs' counsel made identical arguments to Judge Amon in *Bonime v. Avaya, Inc.*, 2006 WL 3751219 (Dec. 20, 2006), and to Judge Bianco in *Holster v. Gatco, Inc.*, 485 F. Supp. 2d 179 (2007). In *Bonime*, Judge Amon noted that "the majority of the cases to address the applicability of section 901(b) by a court exercising diversity jurisdiction or pendant jurisdiction have held that the statute is substantive and applies with equal force in federal litigation and state litigation." 2006 WL 3751219, at *3 (collecting cases). She further noted that "several courts have held that [§ 901(b) and Rule 23] do not conflict." *Id.* at *3 n.2 (collecting cases).

Judge Amon then rejected the argument that *Erie* does not apply to TCPA claims. Relying on the TCPA's provision that a private cause of action is available "if otherwise permitted by the laws or rules of court of a State," 47 U.S.C. § 227(b)(3), as well as the Second Circuit's observations in *Gottlieb* that "Congress . . . sought to put the TCPA on the same footing as state law, essentially supplementing state law where there were perceived jurisdictional gaps," 436 F.3d at 342, and that "it would be odd to conclude the Congress intended [the] statute to be treated differently from any other state statute," *id.*, she concluded that for the purposes of determining whether there is diversity jurisdiction,

4

the TCPA must be treated as a state statute," 2006 WL 3751219, at *4. and, therefore, subject to the *Erie* doctrine.

Less than three months after *Bonime*, Judge Bianco decided *Holster*. Calling Judge Amon's opinion "thorough," "well-reasoned" and "sound," 485 F. Supp. 2d at 185-86, he agreed with her conclusions. He first held that TCPA claims brought in federal court were subject to the usual rules of *Erie*. *See id.* at 182-85 ("[B]ecause Congress rested jurisdiction for private causes of action under the TCPA with the states, federal courts hearing TCPA claims in diversity jurisdiction should apply the same substantive law that the state court would apply."). He then "agree[d] with the prevailing line of cases holding that § 901(b) is substantive and thus f[ound] that § 901(b) applies with equal force in the present action as it would if this case were brought in state court." *Id.* at 185. Finally, Judge Bianco, like Judge Amon, concluded that there was no conflict between state law and the Federal Rules of Civil Procedure because § 901(b) addressed "a matter not covered by [Rule 23]." *Id.* at 185 n.3. The judgments in *Bonime* and *Holster* are currently on appeal.

Having carefully considered the decisions of Judges Amon and Bianco, the Court agrees with their conclusion: Whether filed in state or federal court, § 901(b) bars plaintiffs from maintaining a TCPA class action.

## III.

These actions are dismissed for lack of subject-matter jurisdiction. The Clerk shall enter this Memorandum and Order in Action I and Action II.

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 10, 2007